UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIKITAS BARBER,<br><br>    Plaintiff,<br><br>v.<br><br>ASIM SALKANOVIC, HALIDA SALKANOVIC, JOHN/JANE DOES 1-5, and ABC CORPS. 1-5,<br><br>    Defendants | 2:25-cv-03748<br><br>OPINION ON MOTION TO REMAND |

**WILLIAM J. MARTINI, U.S.D.J.**

## I.   BACKGROUND

This is a negligence suit arising out of a car crash on the New Jersey Turnpike in February 2024. This suit originated in New Jersey state court, wherein Plaintiff's complaint was filed on or about March 12, 2025. ECF No. 1 ¶ 1. Plaintiff served the complaint via personal service on April 3, 2025. *Id.* ¶ 4. Defendant timely removed on May 2, 2025, invoking this Court's jurisdiction under 28 U.S.C. §§ 1332 and 1441(b). *Ibid.* On May 29, 2025, Plaintiff timely moved to remand the suit to New Jersey Superior Court. ECF No. 3.

## II.   LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "In a motion to remand, the removing party, as the party urging the existence of jurisdiction, bears the burden of proving that jurisdiction exists." *City of Camden v. Beretta U.S.A. Corp.*, 81 F. Supp. 541, 545 (D.N.J. 2000) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

## III.   DISCUSSION

Plaintiff argues that remand is required because Defendants' notice of removal failed to comply with the requirements of 28 U.S.C. § 1446. Plaintiff identifies three bases for remand: first, that "the summons and affidavit of service of process ... were not supplied with defendants' Notice of Removal[.]" ECF No. 3 at 6. Second, that Defendants failed to attach the "*filed*" state court complaint to their notice of removal. *Id.* (emphasis in original). And third, that defendants failed to provide sufficient evidence of their New York citizenship to satisfy jurisdictional requirements. *Id.* Each argument is addressed herein.

### A. Attachment of Summons and Affidavit of Service

28 U.S.C. § 1446(a) requires that a defendant removing a case to federal court must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Defendants do not dispute Plaintiff's claim that their notice of removal failed to attach the summons and affidavit of service related to the underlying state court proceeding. Defendants argue instead that the Court should view their failure as a curable technical defect in the removal procedure and not a jurisdictional one. *See* Opp. to Mot. for Remand, ECF No. 4.

Federal courts are split on whether they must remand a suit removed from state court where the removal itself suffered from a procedural defect and the defendant(s) timely move to remand. *See, e.g., Young v. Comm'ty Assm't & Treatment Servs., Inc.*, 2007 WL 3340033 (N.D. Ohio Nov. 6, 2007) (collecting cases and outlining majority and minority approaches). The majority approach is to permit a removing party to cure a purely procedural defect that does not implicate jurisdiction; the minority position would require courts to grant any timely motion to remand where the procedural requirements of the removal statute were not strictly followed. *Id.* The Third Circuit has not directly addressed whether remand is mandatory for procedural defects in the removal process, but has acknowledged that irregularities in the removal process are not jurisdictional. *See Roxbury Condominium Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 227 (3d Cir. 2003) (noting that "Section 1441 is a procedural rather than a jurisdictional statute" and quoting Justice Douglas's dissent in *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 19 (1951) for the proposition that "[m]ere irregularity in the removal may be waived where the suit might originally have been brought in the Federal District Court.").[1]

The Court follows the majority approach. Defendants' procedural defect (*i.e.*, its failure to attach the summons and affidavit of service to its notice of removal) does not prejudice Plaintiff because (a) Plaintiff already has access to the full state court record and (b) the relevant papers were already served on Plaintiff, *see* ECF No. 4 Ex. B. For the avoidance of doubt, the Court will require that Defendants file all documents contained in the state court docket with this Court for reference in future proceedings. *See* 28 U.S.C. § 1447(b) (permitting district court to "require the removing party to file with its clerk copies of all records and proceedings" of the state court).

### B. Attachment of State Court Complaint

Plaintiff contends, without significant explanation, that Defendants' removal is improper based on Plaintiff's failure to attach the state court complaint to its notice of removal. It appears to the Court, though, that Defendants *did* attach the state court complaint alongside their Notice of Removal. ECF No. 1 Ex. A. To the extent that Plaintiff does not believe this state court complaint

---

[1] While the Third Circuit and its component district courts have often admonished that "in order to carry out the Congressional intent to limit *jurisdiction* in diversity cases, doubts must be resolved in favor of remand," *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 403 (3d Cir. 2004) (emphasis added), those jurisdictional concerns are not implicated by a mere procedural defect. *Cf. Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("Because *lack of jurisdiction* would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." (emphasis added)).

is the same complaint that was filed in the removed suit—a position which Plaintiff seems to hint at, but has not expressly argued in their briefing—the Court declines to make such an assumption without any basis identified by the movant.

The removal procedures require that the removing party include alongside its notice of a removal a copy of "all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446. The state court complaint is one such required "pleading[.]" But Defendants satisfied their burden with respect to the requirement that they file a copy of the state court complaint by attaching the complaint at ECF No. 1 Ex. A. Plaintiff has made no argument nor presented any evidence to undermine the authenticity of the complaint. Accordingly, Plaintiff's argument falls short.

### C.  Diversity of Citizenship

As to Plaintiff's argument that the Notice of Removal fails to satisfy the requirements to demonstrate diversity of citizenship between the parties, the Court disagrees. The Notice of Removal alleges, as part of its short and plain statement of facts, that "Plaintiff, Nikitas Barber, is a citizen of the State of New Jersey," ECF No. 1 ¶ 2, and that "Defendants, Asim Salkanovic and Halida Salkanovic, are citizens of the State of New York," *id.* ¶ 3. "This is all that § 1446 requires." *Witasick v. Hambrecht*, 2013 WL 1222680, *5 (D.N.J. Mar. 25, 2013). Moreover, both defendants received service at a New York address, ECF No. 4 Ex. B, and a New York address is ascribed to Defendants in the New Jersey Police Crash Investigation Report, ECF No. 4 Ex. A. Defendants also each listed New York as their state of citizenship in their diversity disclosure statement pursuant to Fed. R. Civ. P. 7.1(a)(2). ECF No. 2. This corroborating evidence further satisfies the Court that Defendants' state of citizenship is not in doubt. If later-discovered evidence reveals that Defendants are not, in fact, diverse in citizenship from Plaintiff, the Court retains the ability (and, to be sure, the duty) to remand for lack of jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lack subject matter jurisdiction, the case shall be remanded.").

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**. An appropriate order follows.

**DATE:** July 7, 2025

WILLIAM J. MARTINI, U.S.D.J.